# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| QUINCETTA Y. CARGILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:19-cv-580-LCB-GMB |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF THE TREASURY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On February 3, 2020, U.S. Magistrate Judge Gray M. Borden issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted. The Magistrate Judge further recommended that Plaintiff's motions for joinder (Docs. 11 & 12) and default judgment (Doc. 14) be denied. (Doc. 17). Plaintiff has filed a motion to amend the complaint (Doc. 19) and objections to the Report and Recommendation. (Doc. 20).

## I. Standard of Review

When a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the District Court must conduct a de novo review of those portions of the report to which the party has specifically objected. 28 U.S.C.

1

§ 636(b)(1). The Court reviews the unchallenged portions of the Magistrate Judge's report for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

## II. Plaintiff's Motion for Leave to Amend (Doc. 19)

Plaintiff first responded to the Magistrate Judge's R&R with a filing labeled "Plaintiff's Request to Explain Claim and Requests [sic] Permission to Amend." (Doc. 19). The Court construes this filing as a motion to amend the complaint. In her original complaint, Plaintiff alleged damages of $550,000. (Doc. 1 at 5). Plaintiff later amended that amount to $1,500,000. (Doc. 9 at 1–2). Because the Magistrate Judge predicated his recommendation in part on the conclusion that Plaintiff could not seek damages under the APA, Plaintiff seeks to cure defects in her complaint by way of an explanation as to the purpose of the relief sought. Besides purporting to modify the nature of the relief, Plaintiff offers no reasons for amendment. According to Plaintiff, the relief would be issued "by injunctive order"[1] and used to offset losses claimed by the IRS in a related criminal case.[2] (Doc. 19 at 1–3).

---

[1] In Plaintiff's words, the money damages were "increased[,] but not to seek disbursement of relief in payment directly to the plaintiff but by Injunctive Order to be paid directly towards the actual and total loss claimed by the IRS in its original complaint against the plaintiff in criminal court."

[2] In July of 2017, Plaintiff was indicted on charges of conspiracy to commit mail and wire fraud. Indictment at 3, USA v. Cargill, 2:17-cr-00356-RDP-JHE-1 (N.D. Ala. filed July 28, 2017). According to the indictment, Plaintiff was involved in a scheme to defraud the IRS of tax refunds, using a non-profit to solicit personally identifiable information to be used in fraudulent tax returns. *Id.* at 5–8. A superseding indictment was filed adding a count of Witness Tampering. Superseding Indictment at 8, USA v. Cargill, 2:17-cr-00356-RDP-JHE-1 (N.D. Ala. filed July 28, 2017). On

A court may deny leave to amend a complaint as futile "when the claim, as amended, would still be subject to dismissal." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). Here, amendment would be futile. Money damages "are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies 'are not substitute remedies at all, but attempt to give the plaintiff the very thing to which [s]he was entitled.'" *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255 (1999) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 895 (1988)). Neither Plaintiff's recharacterization of the relief sought nor her explanation of its purpose changes the nature of the relief. *See id.* (holding that an equitable lien, as a form of substitute rather than specific relief, constitutes "money damages" and therefore falls outside the scope of § 702 of the APA's waiver of sovereign immunity). Though she would call it an "injunctive order," Plaintiff asks for money to compensate her for wrongs allegedly suffered at the hands of the IRS—in other words, money damages. Thus, because Plaintiff's proposed amendment would still be subject to dismissal under the APA, her amendment would be futile, and her motion to amend the complaint (Doc. 19) is **DENIED**.

---

February 6, 2020, Plaintiff was convicted of both counts charged in the superseding indictment. Court's Verdict, USA v. Cargill, 2:17-cr-00356-RDP-JHE-1 (N.D. Ala. filed July 28, 2017).

### III. Plaintiff's Objections to the Magistrate Judge's R&R

Having reviewed de novo the proposed findings and recommendations, the Court concludes that the Magistrate Judge's Report and Recommendation (Doc. 17) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court.

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion for Joinder of Persons Needed for Just Adjudication (Doc. 11), Motion for Permissive Joinder of Parties (Doc. 12), and Motion for Default Judgment (Doc. 14) are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to terminate this case and mail a copy of this order to the plaintiff.

**DONE** and **ORDERED** this February 27, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE